# ISAAC M. BRAGG

*vs.*

# FREDERICK S. BLETZ.

1. Where a party contracts with a distinct knowledge of a custom recognized by mercantile usage everywhere, such custom will be binding on him and will control the contract.
2. A new trial will not be granted because the judge in his charge assumes as a fact that which in the evidence and argument is admitted.

At Law. No. 2590. Decided May 5, 1870.

ACTION upon the common counts for goods sold and delivered.

## STATEMENT OF THE CASE.

Plaintiff was a merchant residing at Bangor, Maine, and engaged there in buying and selling shingles and other kinds of lumber. During the season of 1864 he received several orders from the defendant, then residing and doing business at Washington, D. C., for lumber of various kinds, including large quantities of spruce and cedar shingles, and made seven different shipments to him. Upon the trial plaintiff gave evidence tending to show that the shingles were ordered by defendant and shipped by plaintiff at agreed prices per thousand; that the uniform custom in Maine is to put up spruce and cedar shingles in bunches 20 inches wide, with twenty-three courses of shingles at one end and twenty-four courses at the other end, and four such bunches constitute the quantity known and recognized, bought and sold, as a thousand spruce or cedar shingles; that spruce and cedar shingles are supplied to the market from Maine alone, and are put up in no other way than in bunches, each of 20 inches width, and with twenty-three courses at one end and twenty-four courses at the other end.

After further evidence as to the state of the account between the parties, plaintiff rested his case.

The defendant then gave evidence tending to show that his orders to plaintiff were by letter for so many thousand of spruce and cedar shingles; and that said shingles were to be delivered at Washington, D. C.; that defendant previously to coming to Washington had been engaged in the lumber business in Pennsylvania, and never in Maine, and that in Pennsylvania, where white pine shingles are manufactured and packed, they are put up in bunches twenty inches width, and twenty-five courses at each end, four of such bunches constituting the quantity known and recognized, bought and sold, as a thousand shingles; that defendant was engaged in 1864 supplying shingles and lumber to the Government upon contract, and had sold to the Government, the shingles contained in the plaintiff's shipments prior to the one of October 13, 1864 in the same way that they were received by him, and without objection on the part of the Government; that afterwards a large quantity of said shingles received from the plaintiff were for some time stacked in defendant's lumber yard, and having subsequently obtained a heavy contract from the United States, said shingles, stacked as aforesaid, were offered to the United States by the defendant, and were inspected by an agent of the United States early in January, 1865, who, computing that each bunch should contain at each end twenty-five courses, and computing 4 inches in width to a shingle, found that there was a deficiency of sixty shingles to the thousand; and the defendant objected thereto because the Government had received similar shingles theretofore; and further, the defendant offered and gave in evidence a copy of a letter dated February 10, 1865, sent by his direction to plaintiff, as follows:

"WASHINGTON, *Feb. 10, 1865.*

"ISAAC M. BRAGG,

"SIR: I herewith send a statement of short count of shingles received from you, for which I claim deduction.

Your bunches, twenty-inch bands, contain at one end twenty-three courses, and at the other twenty-four, making a difference of fifteen shingles per bunch, or a deficiency of sixty shingles per thousand. In the aggregate there is a loss of sixty thousand cedar shingles, at $4.75 per m̊., $285.00; thirty thousand spruce shingles, at $2.75 per m., $82.50, making a difference of $367.50. These shingles were bought by the thousand, and the Government receives them by the thousand and not by the bunch. When sold to private parties, objections are made and a deficiency claimed. The one per cent. charged for collection is exorbitant. I should make no objection to one-fourth per cent. You will please recall the draft and credit me with the above deduction, also one-half per cent. excess charged for collection.

"Yours truly

"FREDERICK S. BLETZ."

And thereupon defendant rested his case.

Whereupon the court instructed the jury as follows:

1. "If you shall find from the testimony that the defendant, Bletz, ordered from the plaintiff, Bragg, of Maine, the shingles in controversy; that the quantity of shingles constituting a thousand was regulated by a uniform and well settled custom of trade in Maine, and that that custom established a package 20 inches in width and twenty-three and twenty-four courses in thickness as the equivalent of a quarter of a thousand; and, further, that in pursuance of the order drawn by the defendant upon the plaintiff, the shingles were to be shipped by the plaintiff at the price agreed upon between the parties, and that the defendant was to bear the cost of transportation, you will receive the measurement as established by the custom of Maine as conclusive of a thousand of shingles."

2. "If you shall find from the testimony that the plaintiff shipped, in pursuance of the order drawn on him by

the defendant, the shingles which constitute the subject of inquiry, and the same were received by the defendant in due course of shipment, and by him paid for or appropriated to his own use, you will find for the plaintiff under the measurement regulated by the custom of the State from which they were shipped."

3. " If you shall find that no custom prevailed controlling the measurement of a thousand of shingles, inasmuch as a thousand of shingles is not determined by count, you will proceed to inquire from all the testimony what constitutes a thousand of shingles, and measure the rights of the parties accordingly."

Mr. E. L. STANTON for plaintiff:

1. The record shows that the plaintiff's measurement of spruce and cedar shingles was adopted by defendant in his acceptance and appropriation of, and promise to pay for, and partial payment upon this particular shipment; in his acceptance and appropriation of, and actual payment for, previous and subsequent similar shipments; in his use of same measurement in sales by himself to the Government; and in his protest against the use of a different mode of measurement. Defendant never objected to plaintiff's measurement until six months after this particular shipment, until three months after the last shipment, and until defendant had used all the shingles. Then at last he objected; not immediately upon any pretended discovery of any pretended deficiency, but on receipt of plaintiff's draft for balance due on fourth shipment. Wanting no more lumber from plaintiff, defendant sought a pretext to escape payment of the balance he owed, and without reference to the fact that plaintiff's mode of measurement is the only one ever used in respect to spruce and cedar shingles. The conduct of defendant in transactions between them precludes him now from a claim of recoupment. 1 Denio, 74; Chitty on Cont., 406 *et seq.*, 678 *et seq.;* 2 Kent Com., 491, note 1.

2. Defendant ordered spruce and cedar shingles from Maine (whence alone such shingles come), and plaintiff, a Maine merchant, executed the order. Hence the contract was subject to laws and customs of Maine, and custom may control and vary the meaning of words of number as well as other words. In this contract, therefore, use by plaintiff of the only mode of measurement which then obtained was proper. 2 Kent Com., 460, note *a*; 3 Metcalf, 207; 2 Parsons on Cont., 51; *Id.*, 55; 3 B. & Ald., 728.

3. Plaintiff's measurement is more than a custom of Maine; it is the only mode of measurement of spruce and cedar shingles. Even if it be called a local custom, in the sense of originating in a particular place, still it is general, is, indeed, universal, in reference to the particular trade; and therefore defendant's knowledge of that mode of measurement is a presumption of law. Besides, previous and subsequent similar dealings between the parties, in the absence of evidence of ignorance, justify the inference of that knowledge on the part of the defendant; and, further, defendant's own use of that mode of measurement, and his protest against use of a different mode, directly and positively attest his knowledge. 2 Parsons Cont., 54; *Id.*, 56, 57; 1 Blatchf., 526.

Mr. JOSEPH H. BRADLEY, JR., for defendant:

The custom of trade relied upon by the plaintiff is not conclusive upon the defendant.

The contract was to be performed in Washington, and the *lex loci* of the place of performance construes the conract. 2 Kent Com., 459; Dunlop *vs.* Lambert, 6 Cl. & F., 600; Bull *vs.* Robinson, 10 Ex., 342; Ch. J. Parker, Prentiss *vs.* Savage, 13 Mass., 23; Chan. Walworth, Chapman *vs.* Robertson, 6 Paige, 627, 630; 2 Johns., 241–2; 4 Johns., 285; Thomson *vs.* Ketchum, 8 Johns., 149; 1 Cr. C. C. 583, 12 Mass., 34; Commonwealth of Kentucky *vs.* Bassford, 6 Hill, 526; Bk. U. S. *vs.* Donnelly, 8 Pet., 371;

Cox and Dick vs. U. S., 6 Pet., 202; 2 Metc., 34; 8 Paige, 261; 17 Johns., 511.

2. The custom is local and confined to a *particular class of persons*, and cannot be binding on others unless they know it, and *adopt* it. Scott vs. Irving, 1 Barn. & Ald., 604; Clayton vs. Grayson, 5 A. & E., 302; Bartlett vs. Pentland, 10 Barn. & Cressw., 768; Hinton vs Lock, 5 Hill, 439.

The second instruction is in principle the same as the first.

The custom is local and unreasonable.

The third instruction assumes a material fact in the case, which should have been left to the jury, viz: that "a thousand of shingles is not determined by count."

Mr. Chief Justice CARTTER delivered the opinion of the Court:

The court is of opinion that the judgment in this case ought to be affirmed. The sum of the testimony · is that the defendant during the war entered into correspondence with the plaintiff, a lumberman of Maine, with a view to the purchase of lumber of various kinds, among the rest, cedar and spruce shingles.· The contract rested in correspondence between the defendant here and the plaintiff in Maine. . During the intercourse of the parties seven orders were made and · responded to.

We think that the dealings between the parties settled the question whether the custom of reckoning a thousand shingles by measurement, instead of by actual count, was binding upon the defendant. It appeared that cedar and spruce shingles were thus reckoned by mercantile usage everywhere, and that the defendant contracted with a distinct knowledge of its existence. As to the last exception, that the judge in his charge assumed a fact as proved as a basis for the jury's consideration, the fact was mentioned as illustrative, and in the whole argument and evidence had been admitted as a fact in the case.

*Judgment affirmed.*